## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOURCE PRECISION MEDICINE, INC., | ) | Case No. 04-11565 (RB) |
| | ) | |
| Debtor. | ) | **Ref. No. 495** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. §§ 1129(a) AND 1129 (b) AND FED. R. BANKR. P. 3020 CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION DATED JULY 25, 2005

Upon the Second Amended Plan of Reorganization filed by Source Precision Medicine, Inc., debtor and debtor-in-possession herein (the "Debtor"), dated July 25, 2005 [D.I. 495] (the "Plan"), as "proponent of the plan" within the meaning of section 1129 of title 11 of the United States Code; and upon the Debtor's Second Amended Disclosure Statement relating to the Plan, dated July 27, 2005 (the "Disclosure Statement") [D.I. 496]; and upon the Debtor's Motion for Order (I) Determining Adequacy of Disclosure Statement, (II) Determining Treatment of Certain Claims for Notice and Voting Purposes, (III) Scheduling Hearing on Confirmation of Plan of Reorganization, (IV) Establishing Record Date and Procedures for Filing Objections to the Plan and Temporary Allowance of Claims and (V) Approving Solicitation Procedures for Confirmation [D.I. 476], filed on June 30, 2005; and upon the Notice of Hearing of First Amended Disclosure Statement Relating to the First Amended Plan of Reorganization of Source Precision Medicine, Inc. [D.I. 472] (the "Disclosure Statement Approval Hearing Notice") [D.I. 482], filed on June 29, 2005; and upon the Order (I) Approving Disclosure Statement, (II) Determining Treatment of Certain Claims for Notice and Voting Purposes, (III) Scheduling Hearing on Confirmation of Plan of Reorganization, (IV) Establishing Record Date and Procedures for Filing Objections to the Plan and Temporary Allowance of Claims and (V) Approving Solicitation Procedures for Confirmation entered by the Bankruptcy Court on July 29,

451.001-8995.DOC

2005 [D.I. 502] (the "Disclosure Statement Approval Order" or the "Solicitation Procedures Order"); and upon the Affidavit of Service of the solicitation package, sworn to by Sheryl V. Rehder, an employee of Kurtzman Carson Consultants, LLC ("KCC"), filed on August 4, 2005 [D.I. 507] (the "Solicitation Package Mailing Affidavit"); and upon the Declaration of Sheryl V. Rehder Regarding Votes Accepting or Rejecting the Second Amended Plan of Reorganization filed on August 19, 2005 [D.I. 527] (the "Voting Report"); and upon the Declaration of Karl Wassmann in Support of Confirmation of the Second Amended Plan of Reorganization filed on August 24, 2005 [D.I. 536] (the "Wassmann Declaration"); and upon all of the evidence proffered or adduced at, objections filed in connection with, and arguments of counsel made at, the Confirmation Hearing (as defined below); and upon the entire record of the Chapter 11 Case; and after due deliberation thereon and good and sufficient cause appearing therefor, the Bankruptcy Court hereby makes the following findings of fact and conclusions of law.[1]

THE BANKRUPTCY COURT FINDS AND CONCLUDES THAT:

A.      Filing of Petition. On May 25, 2004 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

B.      Filing of Plan. On the Petition Date, together with its petition and related first-day pleadings, the Debtor filed its original Plan of Reorganization and Disclosure Statement relating thereto. On June 17, 2005, the Debtor filed its First Amended Plan of Reorganization and First Amended Disclosure Statement relating thereto. In response to certain objections and concerns raised by the Committee, the United States Trustee and other parties in interest, on

---

[1]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms not defined in this Confirmation Order shall have the meanings ascribed to them in the Plan.

July 27, 2005, the Debtor filed the Second Amended Plan of Reorganization and the Disclosure Statement relating thereto.

C.  Order Approving the Disclosure Statement. On July 29, 2005, the Court entered the Disclosure Statement Approval Order that, among other things, approved the Disclosure Statement as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

D.  Solicitation Procedures Order. On July 29, 2005, the Bankruptcy Court entered the Solicitation Procedures Order that, among other things, (i) fixed August 26, 2005, at 2:00 p.m. (Prevailing Eastern Time) as the time and date for the commencement of the hearing to consider confirmation of the Plan (as such hearing may have been adjourned or continued, the "Confirmation Hearing"), (ii) approved the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), (iii) fixed August 16, 2005, at 4:00 p.m. (Prevailing Eastern Time) as the deadline for receipt of Ballots (the "Ballot Deadline"), (iv) fixed August 19, 2005, at 4:00 p.m. (Prevailing Eastern Time), as the last date and time for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline"), (iv) established additional procedures for objecting to confirmation of the Plan, (v) established procedures for temporary allowance of claims for voting purposes, and (vi) established certain procedures for soliciting and tabulating votes with respect to the Plan.

E.  Transmittal of Solicitation Packages. The Disclosure Statement, including a copy of the Plan as an exhibit, the Disclosure Statement Approval Order/Solicitation Procedures Order, the Confirmation Hearing Notice, and, as to Class 1 (Convertible Secured Note Claims), Class 2 (Unsecured Avoidable Convertible Secured Note Claims) and Class 3 (General Unsecured Claims) (collectively, the "Voting Classes"), an appropriate Ballot and return

envelope were transmitted in accordance with Bankruptcy Rule 3017(d) and the Solicitation Procedures Order, all as set forth in the Solicitation Package Mailing Affidavit. In addition, as to contingent, unliquidated or Disputed Claims, Class 4 (Preferred Stock Interests) and Class 5 (Common Stock Interests), the respective Notice of Non-Voting Status, together with the Confirmation Hearing Notice, were transmitted, also as set forth in the Solicitation Package Mailing Affidavit.

F.     Voting Report. On August 19, 2005, the Debtor filed the Voting Report, certifying the method and results of the ballot tabulation for each of the Voting Classes.

G.     Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

H.     Judicial Notice. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case, including, but not limited to, the hearing held to consider the adequacy of the Disclosure Statement.

I.      Transmittal and Mailing of Materials; Notice. Adequate and sufficient notice of the Disclosure Statement, the Plan, the Confirmation Hearing, the Ballot Deadline, the Plan Objection Deadline and the other bar dates, deadlines and hearings described in the Solicitation

-4-

Procedures Order was given in compliance with the Bankruptcy Rules, the local rules of the Bankruptcy Court for the District of Delaware (the "Local Rules") and the Solicitation Procedures Order, and no other or further notice is or shall be required.

J.      Solicitation. Solicitation of votes on the Plan by the Debtor was conducted in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Solicitation Procedures Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

K.      Ballots. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims and Interests and to tabulate ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

L.      Impaired Class Voting to Accept the Plan. As evidenced by the Voting Report, Class 1 (Convertible Secured Note Claims), Class 2 (Avoidable Convertible Secured Note Claims) and Class 3 (General Unsecured Claims) have accepted the Plan pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code. Therefore, at least one Class of Claims or Interests that is impaired under the Plan has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

M.      Impaired Classes Rejecting the Plan. Class 4 (Preferred Stock Interests) and Class 5 (Common Stock Interests) will receive no distribution on account of such Interests under the Plan and are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

N.     Burden of Proof.  The Debtor, as proponent of the Plan, has met its burden of

proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of

evidence, which is the applicable evidentiary standard.

O.     Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan

complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section

1129(a)(1) of the Bankruptcy Code.

- (1)    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  Article 3 of
  the Plan designates Classes of Claims and Interests of the Debtor.
  The Claims and Interests placed in each Class are substantially
  similar to other Claims or Interests, as the case may be, in each
  such Class.  Valid business, factual and legal reasons exist for
  separately classifying the various Classes of Claims and Interests
  created under the Plan, and such Classes do not unfairly
  discriminate between holders of Claims or Interests.  Thus, the
  Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy
  Code.

- (2)    Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).
  Article 4 of the Plan specifies that there are no Classes of Claims
  or Interests that are unimpaired.  Thus, the Plan satisfies section
  1123(a)(2) of the Bankruptcy Code.

- (3)    Specification of Treatment of Impaired Classes (11 U.S.C.
  § 1123(a)(3)).  Article 5 of the Plan specifies the Classes of Claims
  and Interests that are impaired under the Plan.  Article 5 of the Plan
  also specifies the treatment of Claims and Interests in all such
  Classes.  Thus, the Plan satisfies section 1123(a)(3) of the
  Bankruptcy Code.

- (4)    No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides
  for the same treatment by the Debtor for each Claim or Interest in
  each respective Class unless the holder of a particular Claim or
  Interest has agreed to less favorable treatment with respect to such
  Claim or Interest.  Thus, the Plan satisfies section 1123(a)(4) of the
  Bankruptcy Code.

- (5)    Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan
  provides adequate and proper means for implementation of the
  Plan, including without limitation as described in Article 8 of the
  Plan.  Specifically, Article 8 of the Plan provides for a
  recapitalization of the Debtor through (i) the conversion of various

-6-

Claims into equity interests in the Reorganized Debtor, and (ii) the sale of equity securities in the Reorganized Debtor, which sale of securities will raise up to $6.0 million of new capital. Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

(6)     Prohibition Against Issuance of Non-Voting Equity Securities And Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6)). Pursuant to Article 8 of the Plan, the certificate of incorporation and bylaws of the Reorganized Debtor will be amended to comply with and satisfy section 1123(a)(6) of the Bankruptcy Code.

(7)     Selection of Officers, Directors, and the Trustee (11 U.S.C. § 1123(a)(7)). The Debtor has adequately disclosed the identities and affiliations of all individuals or entities proposed to serve on or after the Effective Date as director, officer or Class 3 Trustee of the Reorganized Debtor. Specifically, the board of directors of the Reorganized Debtor shall consist of up to five members, of whom two shall initially be J. Terence Carleton and Frank W. Haydu III. Compensation, if any, for members of the Reorganized Debtor's Board of Directors will be determined by the entire board in accordance with generally accepted standards for businesses of like size. On the Effective Date, the following Persons shall become officers of the Reorganized Debtor: Karl Wassmann (Chief Executive Officer), Danute Bankaitis-Davis, Ph.D. (Vice President, Customer Laboratory), David Trollinger (Director, Sales and Marketing) and Jim Walter (Director, Sales and Marketing). The terms of employment for each such officer shall be determined and approved by the Board of Directors of the Reorganized Debtor. Biographies of the officers and directors are provided in Exhibit D to the Disclosure Statement. The appointment or employment of such individuals or entities and their proposed compensation and indemnification arrangements are consistent with the interests of the holders of Claims and with public policy. Thus, section 1123(a)(7) of the Bankruptcy Code is satisfied.

(8)     Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims, (b) the disposition of executory contracts and unexpired leases, (c) the retention of, and right to enforce, sue on, settle or compromise (or refuse to do any of the foregoing with respect to) certain claims or causes of action against third parties, to the extent not waived or released, (d) resolution of Disputed Claims, (e) allowance of certain Claims, (f) indemnification obligations, and (g) exculpation

of various Persons with respect to actions related to or taken in furtherance of the Chapter 11 Case.

(9) Fed. R. Bankr. P. 3016(a). The Plan is dated and identifies the entity submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).

P. Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Except as otherwise provided or permitted by orders of the Bankruptcy Court, the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and other orders of this Bankruptcy Court thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtor is a proper proponent of the Plan under section 1121 of the Bankruptcy Code.

Q. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the formulation of the Plan, and all modifications thereto. See Bankruptcy Rule 3020(b). The Chapter 11 Case was filed, and the Plan and all modifications thereto were proposed, with the legitimate and honest purpose of restructuring the Debtor's obligations to creditors while maximizing the value of the Debtor's Estate and the recovery to holders of Claims. Because no objections to the Plan have been filed on this ground, the Bankruptcy Court need not receive evidence on such issues. See Bankruptcy Rule 3020(b)(2).

R. Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case prior to the Confirmation Date, including administrative expense and substantial contribution claims under sections 503 and 507 of the Bankruptcy Code, or in

connection with the Plan and incident to the Chapter 11 Case, either has been approved by or is

subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section

1129(a)(4) of the Bankruptcy Code.

S.     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtor has

complied with section 1129(a)(5) of the Bankruptcy Code and has disclosed the identity of all

individuals or entities proposed to serve on or after the Effective Date as director or officer of the

Reorganized Debtor or the Class 3 Trustee of the Class 3 Trust, as set forth more fully in

Paragraph O(7) above. Specifically:

(1)     The board of directors of the Reorganized Debtor shall consist of up to five members, of whom two shall initially be J. Terence Carleton and Frank W. Haydu III. Compensation, if any, for members of the Reorganized Debtor's Board of Directors will be determined by the entire board in accordance with generally accepted standards for businesses of like size. Mr. Haydu will recuse himself from board deliberations and/or decisions regarding his own compensation and also the compensation for any other individual previously employed by Valuation Perspectives, Inc. for a period of one year after confirmation of the Plan.

(2)     On the Effective Date, the following Persons shall become officers of the Reorganized Debtor: Karl Wassmann (Chief Executive Officer), Danute Bankaitis-Davis, Ph.D. (Vice President, Customer Laboratory), David Trollinger (Director, Sales and Marketing) and Jim Walter (Director, Sales and Marketing). The terms of employment for each such officer shall be determined and approved by the Board of Directors of the Reorganized Debtor.

(3)     Employment agreements setting forth the terms and conditions of employment with respect to Frank Haydu and Karl Wassmann were filed with the Court on August 16, 2005.

(4)     The Class 3 Trustee shall be Joseph E. Myers. The Reorganized Debtor shall compensate the Class 3 Trustee for his administration of the Class 3 Trust at the rate of $10,000 per annum, which compensation shall be due and payable in advance on each anniversary of the Effective Date. The Reorganized Debtor shall also pay the reasonable and necessary costs of administering the Class 3 Trust, which expenses shall not include professional fees

associated with the investigation or assertion of any claims against the Reorganized Debtor, its officers, directors or employees.

(5) The appointment of the directors, officers and Class 3 Trustee is consistent with the interests of holders of Claims and Interests and with public policy.

T. No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

U. Best Interests Test (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Disclosure Statement, the Wassmann Declaration and the other evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence or challenged in any objections to the Plan, (3) are based upon reasonable and sound assumptions and (4) establish that each holder of a Claim or Interest in an impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

V. Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Class 1 (Convertible Secured Note Claims), Class 2 (Unsecured Avoidable Convertible Secured Note Claims) and Class 3 (General Unsecured Claims) have voted to accept the Plan. Holders of Interests in Class 4 (Preferred Stock Interests) and Class 5 (Common Stock Interests) will receive no distribution under the Plan and are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 4 (Preferred Stock Interests) and Class 5 (Common Stock Interests), the

Plan nevertheless is confirmable because it satisfies section 1129(b) of the Bankruptcy Code with respect to those Classes.

W.    Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

X.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Class 1 (Convertible Secured Note Claims), Class 2 (Unsecured Avoidable Convertible Secured Note Claims) and Class 3 (General Unsecured Claims) in the Chapter 11 Case are impaired Classes of Claims that have voted to accept the Plan.

Y.    Feasibility (11 U.S.C. § 1129(a)(11)). The Plan satisfies section 1129(a)(11) of the Bankruptcy Code. The Plan provides for the recapitalization of the Debtor's business operations under circumstances where the Reorganized Debtor will emerge from these proceedings with no debt and cash on hand of at least $2.5 million. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor. The Plan presents a workable scheme of organization and operation and there is a reasonable probability that the provisions of the Plan will be performed. The Plan is found and determined to be feasible. The Reorganized Debtor will have adequate capital to undertake its business plan and meet its ongoing obligations, and will be under the control of competent management. The Disclosure Statement, the Wassmann Declaration and the evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not

been controverted by other evidence or challenged in any of the objections to confirmation of the Plan, and (3) establish that the Plan is feasible.

Z. Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtor has paid or will pay, on the Effective Date or as soon thereafter as practicable, all fees due and payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

AA. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). The Debtor is not obligated to make or continue payment of any retiree benefits (as defined in section 1114 of the Bankruptcy Code). Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to this Chapter 11 Case.

BB. Section 1129(b)/Confirmation of the Plan Over Non-Acceptance of Impaired Classes. Class 4 (Preferred Stock Interests) and Class 5 (Common Stock Interests) are impaired Classes of Claims that are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Plan may be confirmed under Bankruptcy Code section 1129(b) notwithstanding the deemed rejection of the Plan by Class 4 (Preferred Stock Interests) and Class 5 (Common Stock Interests) because all of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8) with respect to such Classes, have been satisfied, the Plan does not unfairly discriminate against Class 4 or Class 5 and the Plan is fair and equitable with respect to Class 4 and Class 5.

CC. Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

DD. Modifications to the Plan. Any and all modifications to the Plan set forth herein (the "Plan Modifications") constitute technical changes and do not materially adversely affect or

-12-

change the treatment of any Claims or Interests. Accordingly, pursuant to Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

EE.     Good Faith Solicitation (11 U.S.C. § 1125(e)). The Debtor and its officers, directors, agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and the Solicitation Procedures Order and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation and limitation of liability provision set forth in the Plan.

FF.     Rejection of Executory Contracts and Unexpired Leases. In accordance with Article 7 of the Plan, the Debtor has identified on Exhibit E to the Plan the executory contracts and unexpired leases (the "Assumed Contracts") which it will assume for the benefit of the Reorganized Debtor. Additionally, a list of the Assumed Contracts is attached hereto as Exhibit B. The Debtor has exercised reasonable business judgment in determining whether to assume the Assumed Contracts. In accordance with Article 7 of the Plan, with the exception of the Assumed Contracts, the Debtor intends to reject all other executory contracts and unexpired leases, and such rejection shall be effective as of the Effective Date.

GG.     Conditions to Confirmation and Effective Date; Waiver of Conditions. The conditions to Confirmation set forth in Section 11.1 of the Plan have been satisfied, waived or will be satisfied by entry of this Confirmation Order. The conditions to the Effective Date set forth in Section 11.2 of the Plan are reasonably likely to be satisfied.

-13-

HH.     Retention of Jurisdiction. The Bankruptcy Court properly may retain jurisdiction over the matters set forth in Article 12 of the Plan; provided, however, nothing in the Plan or this Order shall be effective to expand the jurisdiction of the Bankruptcy Court following the occurrence of the Effective Date beyond that jurisdiction which is provided for in section 1142 of the Bankruptcy Code, 28 U.S.C. § 157 and/or 28 U.S.C. § 1334.

II.     Election Pursuant to 11 U.S.C. § 1111(b). No secured creditor has elected the treatment provided by section 1111(b) of the Bankruptcy Code.

ACCORDINGLY, THE BANKRUPTCY COURT HEREBY ORDERS THAT:

1.     Confirmation. The Plan, including all exhibits and attachments to the Plan, and the Plan Modifications (which all are hereby incorporated into and constitute a part thereof), is approved and confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan, all exhibits and attachments thereto, and the Plan Modifications are incorporated by reference into and are an integral part of this Confirmation Order.

2.     Objections. All objections to confirmation of the Plan that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3.     Provisions of Plan and Order Non-Severable and Mutually Dependent. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

4.     Plan Classification Controlling. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on any Ballots or supplemental Ballots tendered to or returned by the holders of Claims in connection with voting on the Plan (a) were set forth on

-14-

such Ballots or supplemental Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any holder of a Claim in the Chapter 11 Case as representing the actual classification of such Claims under the Plan for distributions purposes, and (d) shall not be binding on the Estate or the Debtor.

5.    Effects of Confirmation; Immediate Effectiveness; Successors and Assigns. The Bankruptcy Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. Subject to the occurrence of the Effective Date as provided in the Plan, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including all exhibits and attachments thereto, the Plan Modifications and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against and Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) each Person acquiring property under the Plan, (d) any other party-in-interest, (e) any Person making an appearance in this Chapter 11 Case, and (f) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians

6.    Preservation of Causes of Action. It is in the best interests of the Debtor's estate and holders of Claims that all Causes of Action not expressly waived, relinquished, released, compromised or settled in the Plan or any final order of the Court be retained by the Reorganized Debtor after the Effective Date pursuant to Article 8.10 of the Plan.

7.    Approval of Settlements and Compromises.  Pursuant to Bankruptcy Rule 9019 and any applicable State law, and as consideration for the distributions and other benefits under the Plan, all settlements and compromises of Claims, Causes of Action and objections to Claims that are embodied in the Plan and this Order constitute good faith settlements and compromises of such Claims, Causes of Action and objections to Claims, which settlements and compromises are hereby approved as fair, equitable and appropriate in light of the relevant facts and circumstances underlying such settlement and compromise, and as being in the best interest of the Debtor, its estate, and holders of Claims..

8.    Vesting of Assets.  Except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Debtor's Estate (including, but not limited to the Assumed Contracts) shall vest in the Reorganized Debtor, free and clear of all Claims, Liens, charges, encumbrances, rights and interests (except as expressly provided in this Plan).  As of the Effective Date, the Reorganized Debtor may use, acquire, and dispose of property and settle and compromise Claims subject only to those restrictions expressly imposed by the Plan and the Confirmation Order.

9.    Cancellation of Common and Preferred Stock.  On the Effective Date, the Common Stock and the Preferred Stock of the Debtor shall be cancelled and all Interests in the Debtor shall be extinguished.

10.    Issuance of New Series A  Preferred Stock and New Series A-1 Preferred Stock and Issuance of New Common Stock.  On the Effective Date, the Reorganized Debtor shall issue New Series A Preferred Stock, New Series A-1 Preferred Stock and New Common Stock in accordance with the terms of the Plan. To purchase New Series A Preferred Stock, the Investors (which includes Accredited Class 3 Holders which have satisfied the subscription requirements

of Section 5.3 of the Plan) must execute the Stock Purchase Agreement, attached as Exhibit C to the Plan, the Investor Rights Agreement, attached as Exhibit C to the Stock Purchase Agreement, and any other documents required or requested pursuant to the terms of the Stock Purchase Agreement, and return them to Debtor's counsel with the subscription amount. To be issued shares of New Series A Preferred Stock, a holder of a Class 1, Class 2 or DIP Loan Claim must execute the Investor Rights Agreement and any other documents required or requested by Debtor's counsel, and return them to Debtor's counsel. To be issued shares of New Series A-1 Preferred Stock, a holder of a Class 3 Claim must execute the Investor Rights Agreement and any other documents required or requested by Debtor's counsel, and return them to Debtor's counsel. Holders of Class 1, Class 2, Class 3 and DIP Loan Claims that do not satisfy these requirements will not be issued shares of New Series A Preferred Stock or New Series A-1 Preferred Stock, as applicable, until such requirements are satisfied. Notwithstanding the foregoing, all such Claims shall be discharged pursuant to Paragraph 11 hereof.

11. Discharge. Except as provided in section 524(e) of the Bankruptcy Code, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Interests of any nature whatsoever against: (i) the Debtor, (ii) any of the Debtor's assets or properties, and (iii) to the extent that such Claims derive from obligations of the Debtor, the Debtor's present Directors and employees of the Debtor. Except as otherwise provided herein or in the Plan, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims or Interests, upon the Effective Date, the Debtor (and, to the extent noted above, its Directors and employees) shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities

that arose before the Confirmation Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtor prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program regardless of whether such termination occurred prior to or after the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, or (iii) the holder of a Claim based upon such debt accepted the Plan.

12. Exculpation and Limitation of Liability. The exculpation and limitation of liability provisions set forth in Section 10.4 of the Plan are hereby approved in their entirety. None of the Debtor, the Reorganized Debtor, the Committee or Boulder Creek or any of their respective present or former members, officers, directors, shareholders, employees, advisors, attorneys, accountants, representatives, financial advisors, investment bankers or agents (the "Exculpated Parties") shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, relating to or arising out of Debtor's Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, except for their gross negligence or willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

13. Injunction. The satisfaction, release and discharge pursuant to Article 10 of the Plan shall also act as a permanent injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset or recover any Claim, Interest or Cause of

-18-

Action against the Debtor (and, to the extent that such Claim, Interest or Cause of Action derives from obligations of the Debtor, the Debtor's Directors and employees) or the Reorganized Debtor to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

14.     General Authorizations. The Debtor and the Reorganized Debtor, as successor to the Debtor, is authorized to execute, deliver, file, or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan. The Debtor, through any one of its directors, officers, agents and attorneys and the Reorganized Debtor, as successor to the Debtor, are authorized and empowered to issue, execute, deliver, file or record any agreement, document or security, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or to take any or all corporate actions authorized to be taken pursuant to the Plan without further order of the Bankruptcy Court, and any or all such documents shall be accepted by each of the respective state filing offices and recorded in accordance with their terms and the provisions of state law.

15.     Effective Date Payments. Pursuant to Sections 2.1, 2.2 and 2.3 of the Plan, (a) Allowed Administrative Claims, other than Professional Fee Claims, shall be paid, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim: (i) in accordance with the terms and conditions under which such Administrative Claims arose, (ii) pursuant to any agreement between the Debtor and such Claimant, (iii) as otherwise provided by this Plan, or (iv) in full in Cash, unless otherwise agreed to by the Claimant and the Reorganized Debtor, on the Effective Date, or as soon thereafter as practicable, and Allowed Professional Fee Claims shall be paid in full in Cash, in full

-19-

satisfaction, settlement, release and discharge of and in exchange for such Allowed Professional Fee Claim, within ten (10) days after such Professional Fee Claims are approved by the Bankruptcy Court; (b) on the Effective Date, ~~or as soon thereafter as practicable~~, those advances made to the Debtor under the DIP Loan pursuant to the July 1, 2005 Order Under 11 U.S.C. § 364 Authorizing Further Amendment of Debtor-in-Possession Financing [D.I. 479], and related interest thereon; and (c) on the Effective Date, or as soon thereafter as practicable, Allowed Priority Claims, in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Priority Claim, shall either (i) be paid in full in Cash or (ii) receive such other treatment as the Debtor and such Creditor agree to in writing and a Priority Claim that is a Disputed Claim shall be paid in the Allowed Amount of such Claim within 10 Business Days subsequent to the entry of a Final Order pursuant to which such Claim becomes an Allowed Claim.

16.    Exemption from Certain Taxes and Recording Fees.  Any transfer of all or any portion of the Assets pursuant to this Plan shall constitute a "transfer under a plan" within the purview of Section 1146(c) of the Bankruptcy Code and shall not be subject to any stamp tax or similar tax.

17.    Assumption of Executory Contracts and Unexpired Leases.

    a.    The assumption by the Debtor of the Assumed Contracts and the vesting of such Assumed Contracts in the Reorganized Debtor is approved pursuant to section 365 of the Bankruptcy Code.

    b.    The counterparties to the Assumed Contracts shall be paid Cure amounts payable in the amounts set forth in Exhibit B attached hereto, unless otherwise ordered or agreed upon, in accordance with section 365 of the Bankruptcy Code and the terms of the Plan. The Cure amounts set forth in Exhibit B attached hereto, unless otherwise ordered or agreed upon, shall be deemed the entire cure obligation of the Debtor, and, upon payment of such Cure amounts, the Debtor will have satisfied its obligations under section 365 of the Bankruptcy Code and no other amounts will be owed by the Debtor with respect to the Assumed Contracts.

c. The Assumed Contracts shall vest in the Reorganized Debtor on the Effective Date of the Plan. The Reorganized Debtor shall assume obligations of the Debtor arising from and after the Effective Date of the Plan under each of the Assumed Contracts.

d. As of the date of this Order, each of the Assumed Contracts are valid and binding, in full force and effect, and enforceable in accordance with their terms.

e. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Reorganized Debtor solely as a result of the assumption of the Assumed Contracts or the vesting of the Assumed Contracts in the Reorganized Debtor.

f. Any provision in any Assumed Contract that purports to declare a breach or default as a result of the assignment of such contract or a change of control in respect of the Debtor is unenforceable and all Assumed Contracts shall remain in full force and effect. Any section or provision of any Assumed Contract that purports to: (i) prohibit, restrict, or condition the assignment of the Assumed Contract, including, but not limited to, the conditioning of such assignment on the consent of a third party to such Assumed Contract; (ii) authorize the dissolution of any partnership or determination, cancellation, or modification of the partnership interest or Assumed Contract based on the filing of a bankruptcy case, financial condition, or similar circumstances; or (iii) provide for additional payments, penalties, charges, or other financial accommodations in favor of the third party to the Assumed Contract upon the occurrence of the conditions set forth in subsections (i) and (ii) above constitutes an unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or is otherwise unenforceable under section 365(e) of the Bankruptcy Code.

g. All parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Reorganized Debtor or the Debtor any assignment fee, default or breach under, or any claim or pecuniary loss, or condition to assignment arising under or related to the Assumed Contracts existing as of the date of confirmation or arising by reason of the confirmation and consummation of the Plan.

h. The Assumed Contracts, upon vesting in the Reorganized Debtor, shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

-21-

i. The Assumed Contracts, together with any pre or postpetition amendments and modification of such Assumed Contracts, constitute the Assumed Contracts that are being assumed by the Debtor and vested in the Reorganized Debtor.

18. Becton, Dickinson Agreement. Notwithstanding anything in the Plan or this Confirmation Order to the contrary, including the provisions respecting releases, discharges and executory contracts, the Settlement Agreement and the Exclusive License Agreement between Debtor and Becton, Dickinson and Company ("BD"), which were approved by the Court pursuant to the April 12, 2005 Order Approving Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Granting Exclusive Licenses in Connection Therewith Under 11 U.S.C. Section 363 [D.I. 392] shall control as between the Debtor, the Reorganized Debtor and BD; the Settlement Agreement, the Exclusive License Agreement, the Confidential Disclosure Agreement (as applicable) and the Research and Development Agreement (as applicable) shall be binding upon the Debtor, the Reorganized Debtor and BD after confirmation of the Plan and shall be performed per their respective terms.

19. Rejected Contracts and Leases. Except for the Assumed Contracts specifically identified on Exhibit B attached hereto, executory contracts and unexpired leases not specifically assumed or rejected prior to or in connection with confirmation of the Plan shall be deemed rejected as of the Effective Date.

20. Rejection Damage Claims. Persons who are parties to executory contracts or unexpired leases that are rejected and who claim damages by reason of such rejection shall become Class 3—General Unsecured Creditors and shall be treated in the same manner as other Class 3—General Unsecured Creditors. All Rejection Damage Claims shall be filed by the earlier of, as may be applicable: (a) on or before thirty (30) days after

service of the notice of the Confirmation Order; (b) the deadline established by the Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [D.I. 79] (the "Bar Date Order"); or (c) the deadline established by entry of a final order rejecting such executory contract or unexpired lease; or shall be forever barred. Except as otherwise provided in the Plan, this Confirmation Order or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, any and all indemnification obligations that the Debtor has pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable organizational document or other document or applicable law shall be rejected as of the Effective Date of the Plan, to the extent executory.

21.     Bar Dates for Administrative Claims Accruing After May 25, 2004. To be eligible to receive distributions under the Plan on account of an Administrative Claim not subject to the Bar Date, all requests for payment of Administrative Claims incurred during the period commencing on May 25, 2004 and continuing through and including the Effective Date must be (a) filed with KCC and (b) served on the Debtor, so as to be received on or before 4:00 p.m. (Prevailing Eastern Time) on the date that is the first Business Day after the date that is thirty (30) days after the Effective Date (the "Administrative Claim Plan Bar Date"); provided, however, that any Administrative Claim asserted by the United States Trustee in respect of fees or charges assessed against the Estate of the Debtor under sections 1930 of chapter 123 of title 28 of the United States Code for the period commencing on May 25, 2004 and continuing through and including the Effective Date need not be filed and served by the Administrative Claim Plan Bar Date. Any Person that is required to and fails to properly file and serve such a

request for payment of an Administrative Claim on or before such time shall be forever barred from asserting such Claim against the Debtor, the Reorganized Debtor or the Estate, or their respective property or interests in property, such Administrative Claim shall be discharged and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Administrative Claim.

22. Bar Date for Professional Fee Claims. All applications, interim or final, for or requests for payment of Professional Fee Claims, which shall include amounts sought up to and including the Effective Date, must be filed with the Bankruptcy Court and served by the date that is the first Business Day after the date that is sixty (60) days after the Effective Date (the "Professional Fee Claims Bar Date"). Any Professional or other Person that fails to file and serve such application for or request for payment of a Professional Fee Claim on or before the Professional Fee Claims Bar Date shall be forever barred from asserting such Professional Fee Claim against the Debtor, the Reorganized Debtor or the Estate, or their respective property or interests in property, and the holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset or recover such Professional Fee Claim. Allowed Professional Fee Claims shall be paid in full in Cash, except as otherwise agreed to by the Professional and the Reorganized Debtor, in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Professional Fee Claim, within ten (10) days after such Professional Fee Claims are approved by the Bankruptcy Court.

23. Governmental Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of

-24-

any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments thereto.

24. Exemptions from Securities Laws. The offering, issuance and distribution of equity interests in the Reorganized Debtor, including the New Series A Preferred Stock, the New Series A-1 Preferred Stock and the New Common Stock, are exempt from the provisions of section 5 of the Securities Act and State Securities Laws by reason of section 1145(a) of the Bankruptcy Code.

25. Formation of and Provisions Regarding Plan Trusts. The formation, rights, powers, duties, structure, obligations and related matters pertaining to the Class 3 Trust shall be governed by the Class 3 Trust Agreement.

26. Dissolution of the Committee. On the Effective Date, the Committee shall be deemed to have been dissolved by Final Order of the Court.

27. Approval of Liquidating Trustee. The appointment of Joseph E. Myers as Class 3 Trustee under the Class 3 Trust Agreement is hereby approved, and the Class 3 Trustee is hereby authorized to carry out all duties as set forth in the Plan, the Confirmation Order and the Class 3 Trust Agreement.

28. Establishment of Class 3 Trust. Section 8.8 of the Plan is deleted and replaced in its entirety with the following language:

> On the Effective Date, the Class 3 Trust will be formed in accordance with the terms of the Plan and the Class 3 Trust Agreement. The Class 3 Trustee shall be Joseph E. Myers. The Reorganized Debtor shall compensate the Class 3 Trustee for his administration of the Class 3 Trust

at the rate of $10,000 per annum, which compensation shall be due and payable in advance on each anniversary of the Effective Date. The Reorganized Debtor shall also pay the reasonable and necessary costs of administering the Class 3 Trust, which expenses shall not include professional fees associated with the investigation or assertion of any claims against the Reorganized Debtor, its officers, directors or employees.

29.     Payment of Fees. All fees payable through the Effective Date under 28

U.S.C. § 1930 shall be paid on the Effective Date, or as soon thereafter as practicable.

The Debtor, prior to the Effective Date, and the Reorganized Debtor, from and after the

Effective Date with the Debtor being jointly liable for the same, shall pay quarterly fees

to the U.S. Trustee until the Chapter 11 Case is closed or converted and/or the entry of a

final decree. In addition, the Reorganized Debtor shall file post-confirmation quarterly

reports or any pre-confirmation monthly operating reports not filed as of the

Confirmation Hearing in conformance with the U.S. Trustee Guidelines. The U.S.

Trustee shall not be required to file a request for payment of its quarterly fees, which

shall be deemed an Administrative Expense Claim against the Debtor and its estate.

30.     Failure to Consummate Plan and Substantial Consummation. If the

Debtor revokes or withdraws the Plan pursuant to Section 13.4 of the Plan or if the

Effective Date or consummation does not occur, then (a) the Plan shall be null and void

in all respects; (b) any settlement or compromise embodied in the Plan (including the

fixing or limiting to an amount certain Claims or Class of Claims), assumption or

rejection of executory contracts or unexpired leases affected by the Plan, and any

document or agreement executed pursuant to the Plan shall be deemed null and void; and

(c) nothing contained in the Plan shall (i) constitute a waiver or release of any Claims by

or against, or any Interest in the Debtor or any other person; (ii) prejudice in any manner

-26-

the rights of the Debtor or any other Person; or (iii) constitute an admission of any sort by the Debtor or any other such Person.

31.    Retention of Jurisdiction. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over those items and matters set forth in Article 12 of the Plan as follows:

(1)    to hear and determine pending motions for the assumption or rejection of executory contracts or unexpired leases or the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine the allowance of Claims resulting therefrom including the amount of Cure, if any, required to be paid to the holders of such Claims;

(2)    to determine any and all pending adversary proceedings, applications and contested matters, and any and all adversary proceedings, applications and contested matters that may be brought by the Debtor or Reorganized Debtor prior to entry of the final decree in this Chapter 11 Case;

(3)    to ensure that distribution to holders of Allowed Claims are accomplished as provided herein;

(4)    to hear and determine any and all objections to the allowance or estimation of Claims filed, both before and after the Confirmation Date, including any objections to the classification of any Claim or Interest, and to allow or disallow any Claim or Interest, in whole or in part;

(5)    to enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(6)    to issue orders in aid of execution, implementation or consummation of the Plan;

(7)    to consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(8)    to hear and determine all applications for compensation and reimbursement of Professional Fees under the Plan or under sections 330, 331, 503(b), 1103 and 1129(a)(4) of the Bankruptcy Code;

(9)     to determine requests for the payment of Claims entitled to priority under section 507(a)(1) of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties entitled thereto;

(10)    to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with this Plan;

(11)    to recover all assets of the Debtor and property of its Estate, wherever located;

(12)    to hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(13)    to hear any other matter not inconsistent with the Bankruptcy Code;

(14)    to hear and determine all disputes involving the existence, nature or scope of the Debtor's discharge, including any dispute relating to any liability arising out of the termination of employment or the termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date; and

(15)    to enter a final decree closing the Chapter 11 Case.

32.     Reference to Plan Provisions. The failure to include or specifically reference any particular provision of the Plan or exhibits thereto in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

33.     Confirmation Order Controlling. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

-28-

34.     Filing and Recording. This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been released, satisfied and terminated to the extent provided herein or in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record, or release any document or instruments. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

35.     Notice of Confirmation Order and Occurrence of Effective Date. On or before the tenth (10th) day following the occurrence of the Effective Date, the Reorganized Debtor shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on all holders of Claims, the United States Trustee and other parties-in-interest, by causing a notice of this Confirmation Order and the occurrence of the Effective Date in substantially the form of the notice annexed hereto as Exhibit A (the "Notice of Effective Date"), which form is hereby approved, to be delivered to such parties by first class U.S. mail, postage prepaid; provided, however, that notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any

Person to whom the Debtor mailed a notice of the Bar Date or Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved—left no forwarding address," "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Person of that Person's new address. The notice described herein is adequate under the particular circumstances of the Chapter 11 Case, and no other or further notice is necessary. The service of the Notice of Effective Date in accordance with this decretal paragraph shall constitute good and sufficient notice of the bar date for Professional Fee Claims and the bar date for Administrative Claims accruing between May 25, 2004 and the Effective Date, and no other or further notice of such bar dates shall be required.

36. Post-Confirmation Notice. Except as provided in the foregoing paragraph, pursuant to Bankruptcy Rule 2002 and any applicable local Bankruptcy Rules, notice of all post-Confirmation matters for which notice is required to be given shall be deemed sufficient if served upon counsel for the United States Trustee's Office, counsel to the Debtor and all persons on the Debtor's Bankruptcy Rule 2002 service list. With the exception of the Debtor and the United States Trustee, any Person desiring to remain on the Debtor's Bankruptcy Rule 2002 service list shall be required to file a request for continued service and to serve such request upon counsel to the Debtor within 30 days subsequent to the Effective Date. Persons shall be notified of such continued notice requirements in the notice of the Effective Date. Persons who do not file a request for continued service shall be removed from the Debtor's Bankruptcy Rule 2002 service list upon the Effective Date.

37. Binding Effect. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan shall be binding upon and inure to the

benefit of the Debtor, all present and former holders of Claims and Interests, and their respective successors and assigns.

38.    Modifications to Plan. The Plan may be altered, amended or modified after the Confirmation Date in accordance with Section 1127 of the Bankruptcy Code.

39.    Final Order. This Order is a Final Order, and the period in which an appeal must be filed shall commence upon the entry hereof.

40.    Notice Parties. Notices and demands to or upon the Debtor shall be delivered upon the following parties:

Charles A. Dale III, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, Massachusetts 02110
Ph:    (617) 345-7000
Fax:    (627) 345-7050

with a copy to:

Adam G. Landis, Esq.
Jamie Edmonson, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, Delaware 19801
Ph:    (302) 467-4400
Fax:    (302) 467-4450

Dated: Wilmington, Delaware
       August 26, 2005

_____
THE HONORABLE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY JUDGE

-31-